NUMBER 13-10-00162-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI - EDINBURG  

                                                                                                                     


 

ALVIN EUGENE RAMSEY JR.
A/K/A 

ALVIN EUGENE RAMSEY,                                       
          Appellant,

 

v.

 

THE STATE OF TEXAS,                         
                            Appellee.

                                                                                                                     
  

 

On appeal from the 252nd
District Court 

of Jefferson County,
Texas.

                                                                                                                     


 

MEMORANDUM OPINION

 

Before Chief Justice
Valdez and Justices Rodriguez and Benavides  

Memorandum Opinion by
Justice Rodriguez

                                                                                                                                    

            Appellant
Alvin Eugene Ramsey Jr. a/k/a Alvin Eugene Ramsey, appeals from his conviction
for the state jail offense of evading with a motor vehicle.  See Tex. Penal Code Ann. '
38.04(a)(1) (Vernon Supp. 2010).  On April 20, 2009, after accepting
appellant's plea of guilty, the trial court assessed punishment at two years'
confinement in the state jail, probated over five years.  In February 2010, the
State filed a motion to revoke appellant's probation.  At the hearing on the
State's motion, appellant pleaded "not true" to the following alleged
probation violations:  (1) that appellant had committed the offense of a felon
in possession of a firearm; and (2) that he failed to submit to a search of his
home, vehicle, and person at the direction of a probation officer.  The State
presented evidence pertaining to the second violation, which the court found
sufficient to establish a probation violation.  The trial court revoked
appellant's community supervision and assessed punishment at two years'
confinement in the state jail.  This appeal followed.[1]

Concluding that there are "no
arguable grounds for reversal," counsel filed an Anders brief in
which he reviewed the merits, or lack thereof, of the appeal.  We affirm.

I.  Compliance with Anders

Pursuant to Anders v. California,
386 U.S. 738, 744 (1967), appellant=s
court‑appointed appellate counsel has filed a brief with this Court,
stating that he could "find no meritorious issues for appeal." 
Counsel=s
brief discusses the relevant portions of the record.  See In re Schulman,
252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) (AIn
Texas, an Anders brief need not specifically advance >arguable=
points of error if counsel finds none, but it must provide record references to
the facts and procedural history and set out pertinent legal authorities.@)
(citing Hawkins v. State, 112 S.W.3d 340, 343-44 (Tex. App.BCorpus
Christi 2003, no pet.)); Stafford v. State, 813 S.W.2d 503, 510 n.3
(Tex. Crim. App. 1991) (en banc).








In compliance with High v. State,
573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has
carefully discussed why, under controlling authority, there is no error in the
trial court's judgment.  Counsel informed this Court that he forwarded a copy
of his motion to withdraw and supporting brief to appellant with a letter
advising him of his right to review each record and to file a pro se response.[2] 
See Anders, 386 U.S. at 744; Stafford, 813 S.W.2d at 510 n.3; see
also In re Schulman, 252 S.W.3d at 409 n.23.  More than an adequate period of time has passed, and
appellant has not filed a pro se response.  See In re Schulman, 252
S.W.3d at 409.

II. 
Independent Review

Upon receiving an Anders brief,
this Court must conduct a full examination of all the proceedings to determine
whether the case is wholly frivolous.  Penson v. Ohio, 488 U.S. 75, 80
(1988).  We have reviewed the entire record in this case and counsel's brief,
and we have found nothing that would arguably support an appeal.  See
Bledsoe v. State, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) (ADue
to the nature of Anders briefs, by indicating in the opinion that it
considered the issues raised in the briefs and reviewed the record for
reversible error but found none, the court of appeals met the requirement of
Texas Rule of Appellate Procedure 47.1.@); Stafford,
813 S.W.2d at 509.  Accordingly, we affirm the judgment of the trial court.

III. 
Motion to Withdraw

            In accordance with Anders, appellant's
attorney has asked this Court for permission to withdraw as counsel for
appellant.  See Anders, 386 U.S. at 744; see also In re Schulman,
252 S.W.3d at 408 n.17 (citing Jeffery v. State, 903 S.W.2d 776, 779-80
(Tex. App.BDallas 1995, no pet.) ("If an
attorney believes the appeal is frivolous, he must withdraw from representing
the appellant.  To withdraw from representation, the appointed attorney must
file a motion to withdraw accompanied by a brief showing the appellate court
that the appeal is frivolous.@)  (Citations omitted.)). 
We grant counsel=s motion to withdraw that
was carried with the case on January 14, 2011.  Within five days of the date of
this Court=s opinion, counsel is ordered to send a
copy of this opinion and the judgment to appellant and to advise appellant of
his right to file a petition for discretionary review.[3] 
See Tex. R. App. P. 48.4; see
also In re Schulman, 252 S.W.3d at 412 n.35; Ex parte Owens, 206
S.W.3d 670, 673 (Tex. Crim. App. 2006).

 

                                                                                                             NELDA
V. RODRIGUEZ

                                                                                                             Justice

 

Do not publish.

Tex.
R. App. P.
47.2(b).

 

Delivered and filed
the

24th day of March,
2011.

                                                                                                                                                            









[1] The case is before this Court on
transfer from the Ninth Court of Appeals in Beaumont pursuant to an order
issued by the Supreme Court of Texas.  See Tex. Gov't Code Ann. § 73.001 (Vernon 2005).





[2] The Texas Court of Criminal Appeals
has held that Athe pro se response need not comply
with the rules of appellate procedure in order to be considered.  Rather, the
response should identify for the court those issues which the indigent
appellant believes the court should consider in deciding whether the case
presents any meritorious issues.@  In re Schulman, 252 S.W.3d
403, 409 n.23 (Tex. Crim. App. 2008) (orig. proceeding) (quoting Wilson v.
State, 955 S.W.2d 693, 696-97 (Tex. App.BWaco
1997, no pet.)).





[3] No substitute counsel will be
appointed.  Should appellant wish to seek further review of this case by the
Texas Court of Criminal Appeals, he must either retain an attorney to file a
petition for discretionary review or file a pro se petition for discretionary
review.  Any petition for discretionary review must be filed within thirty days
from the date of either this opinion or the last timely motion for rehearing
that was overruled by this Court.  See
Tex. R. App. P. 68.2.  Any petition for discretionary review must be
filed with this Court, after which it will be forwarded to the Texas Court of
Criminal Appeals.  See Tex. R.
App. P. 68.3; 68.7.  Any petition for discretionary review should comply
with the requirements of rule 68.4 of the Texas Rules of Appellate Procedure.  See
Tex. R. App. P. 68.4.